IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,682-01






EX PARTE JOSE JESUS SANCHEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 09-00126-CRF-272-A IN THE 272ND DISTRICT COURT


FROM BRAZOS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault of a child and sentenced to sixty years' imprisonment. The Tenth Court of Appeals affirmed
his conviction. Sanchez v. State, No. 10-09-00389-CR (Tex. App. - Waco, August 18, 2010, no
pet.).

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to interview and present witnesses to whom the complainant had recanted her
accusations. Applicant also alleges that counsel only visited with him once to discuss trial strategy,
and did not retain experts or an investigator to aid in developing a defense. Finally, Applicant
alleges that counsel failed to object to unspecified hearsay and perjured testimony. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with a transcript of the hearing on
Applicant's motion for new trial, to which both the State in its response and the trial court in its
findings of fact cite, but which is not currently in the habeas record. The trial court shall make
findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel
was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court.


Filed: June 13, 2012

Do not publish