IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,856-01






EX PARTE DIAUNTA SHERELL MELVIN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 30085 IN THE 3RD DISTRICT COURT


FROM ANDERSON COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery, theft, and possession of a controlled substance and sentenced to imprisonment for forty-five,
twenty, and two years, respectively. The Twelfth Court of Appeals affirmed her convictions. Melvin
v. State, No. 12-10-00153-CR (Tex. App.-Tyler 2011, no pet.).

 Applicant contends that her trial counsel rendered ineffective assistance because he failed
to investigate her mental health history, request the appointment of a mental health expert, present
an insanity defense, and present mitigation evidence at punishment.

 Applicant has alleged facts that, if true, might entitle her to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claims. In his response, counsel shall state
whether he investigated Applicant's mental health history, requested the appointment of a mental
health expert, presented an insanity defense, and presented mitigation evidence at punishment. 
Counsel shall also discuss the depth of his investigation of Applicant's mental health history and the
reasoning for his decisions relating to Applicant's claims. The trial court may use any means set out
in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 Applicant appears to be represented by counsel. If she is not and the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to
be represented by counsel, the trial court shall appoint an attorney to represent her at the hearing. 
Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: August 22, 2012

Do not publish