IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,805-01






EX PARTE RICKEY DALE DUCKETT, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2007F00211 IN THE 5TH DISTRICT COURT


FROM CASS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to sexual assault of
a child, and was sentenced by the trial court to twenty years' imprisonment. He did not appeal his
conviction.

 Applicant contends, inter alia, that he was denied due process and that trial counsel rendered
ineffective assistance because Applicant agreed to enter a negotiated plea of guilty to sexual assault
of a child in exchange for a six-year sentence. Applicant alleges that on the date of the plea, the trial
court and the attorneys changed the plea to an open plea to the trial court. Applicant alleges that he
was not advised of this change, and was not given the opportunity to withdraw his guilty plea. The
trial court sentenced Applicant to twenty years' imprisonment. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with the plea papers, including
admonishments, stipulations and waivers, and any judicial confession signed by Applicant. The trial
court shall make findings of fact as to whether Applicant signed the plea papers with the
understanding that he was entering a negotiated plea to an agreed sentence. If the plea papers
correctly reflect that the recommendation of six years' imprisonment was changed to an open plea
to the trial court, the trial court shall make findings as to how and when the change transpired, and
as to whether Applicant was admonished as to the consequences of entering an open plea. If the
change came as the result of the trial court's decision not to follow a negotiated plea agreement, the
trial court shall make findings as to whether Applicant was given the opportunity to withdraw his
plea. The trial court shall make findings of fact and conclusions of law as to whether Applicant's
plea was knowingly and voluntarily entered, and as to whether the performance of Applicant's trial
counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: January 30, 2013

Do not publish