IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-22,235-05






EX PARTE AUBREY JUAN WILLIAMS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W04-54679 T IN THE 283RD DISTRICT COURT


FROM DALLAS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery of an elderly person and sentenced to eighty years' imprisonment. The Fifth Court of
Appeals affirmed his conviction. Williams v. State, No. 05-10-00464-CR (Tex. App. - Dallas,
October 24, 2011). Applicant has filed previous habeas applications seeking an out-of-time appeal
and an out-of-time PDR, but has not previously challenged the merits of this conviction by way of
habeas corpus.

 Applicant now contends, inter alia, that his trial counsel rendered ineffective assistance
because counsel failed to investigate, failed to locate and interview an alibi witness, and failed to
prepare a defense. Applicant alleges that unidentified DNA on a portion of a cigar left by the robber
at the scene should have been compared to the DNA of the complainant's grandson. Applicant
alleges that had counsel called his alibi witness and demonstrated that the DNA on the cigar was that
of the complainant's grandson, Applicant would not have been convicted of this offense. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. 
Specifically, counsel shall state whether Applicant advised him prior to trial that he was with Robin
Cunningham during the time of the robbery. If Applicant did advise counsel of a potential alibi
witness, counsel shall state whether he sought out Robin Cunningham or attempted to secure her
testimony at trial. Counsel shall also state whether there was unidentified DNA present on the cigar
found at the scene of the offense in addition to Applicant's DNA. Counsel shall state whether
Applicant advised him that he had given a portion of his cigar to the complainant's grandson,
Bernard Norman, and whether Applicant suggested to counsel that the unidentified DNA might be
that of Bernard Norman. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: March 6, 2013

Do not publish