IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-37,315-05, WR-37,315-06 & WR-37,315-07






EX PARTE STEVEN KELLEY LAWSON, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. F33529-1, F33530-1 & F33531-1 IN THE 90TH DISTRICT COURT


FROM STEPHENS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to two charges of
delivery of a controlled substance and one charge of engaging in organized criminal activity, and was
sentenced to thirty-five years' imprisonment for each charge, to run concurrently. He did not appeal
his convictions.

 Applicant contends that his trial counsel rendered ineffective assistance because counsel, who
was representing Applicant in divorce proceedings, agreed to represent Applicant in these criminal
matters only if he pleaded guilty to the charges. Counsel advised Applicant that if he wanted to
plead not guilty and go to trial, he would need to seek appointment of counsel to represent him in
the criminal matters. Applicant did accept the State's plea offer and pleaded guilty to all three
charges. Applicant alleges that counsel did not investigate or advise him of the rights he was
waiving by pleading guilty.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with copies of the plea documents in
this case, including the trial court's admonishments and any written plea agreements, waivers and
stipulations. The trial court shall make findings as to whether counsel investigated the facts of these
cases, explored possible defenses, or consulted with Applicant regarding the charges. The trial court
shall make findings as to whether counsel advised Applicant to plead guilty, and if so, whether
Applicant pleaded guilty knowingly and intelligently after having been properly admonished as to
the nature of the charges, the applicable punishment ranges, the rights he was waiving, and the
consequences of his pleas. The trial court shall make findings of fact and conclusions of law as to
whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's
deficient performance prejudiced Applicant. The trial court shall also make any other findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: March 6, 2013

Do not publish