IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. WR-76,513-04 & 76,513-05


 

EX PARTE ROGELIO GUTIERREZ, Applicant




ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. 1175222 & 1175223 IN THE 178TH DISTRICT COURT
FROM HARRIS COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault
of a child and aggravated sexual assault of a child and sentenced to twenty and fifty years’
imprisonment, respectively. The First Court of Appeals affirmed his convictions. Gutierrez v. State,
Nos. 01-09-00939-CR & 01-09-00940-CR, (Tex. App.—Houston [1st Dist.] Nov. 10, 2010)
(unpublished).
            Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel did not advise him of his right to testify, did not allow him to testify, and unilaterally opted
for punishment by the court rather than consulting with Applicant and advising him that he could
choose to have the judge or jury assess punishment. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Rock v. Arkansas, 483 U.S. 44, 50-53 (1987); Ex parte Patterson, 993 S.W.2d
114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held
in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the
appropriate forum for findings of fact. The trial court shall order trial counsel to respond to
Applicant’s claims of ineffective assistance of counsel. The trial court may use any means set out
in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its
personal recollection. Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant’s trial counsel was deficient and, if so, whether counsel’s deficient
performance prejudiced Applicant. The trial court shall make specific findings as to whether counsel
informed Applicant of his right to testify and whether counsel prevented Applicant from testifying
against Applicant’s wishes. Should the trial court find that Applicant was wrongly prevented from
testifying, it shall make specific findings addressing whether Applicant was harmed under
Strickland. The trial court shall also make specific findings under Strickland as to whether Applicant
was properly advised of his options for punishment. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant’s claims for habeas corpus relief.
            These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.
 
Filed: January 29, 2014
Do not publish