**Ex parte Cecil Ray PATTERSON, Applicant.**

**No. 72,866.**

Court of Criminal Appeals of Texas.

May 26, 1999.

Cecil Ray Patterson, pro se.

Kathleen Walsh, Denton, Matthew Paul, State's Atty., Austin, for the State.

## OPINION

HOLLAND, J., delivered the unanimous opinion of the Court.

This is an application for a writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P. Applicant was convicted of attempted capital murder and the punishment, enhanced by proof of two prior felony convictions, was assessed at confinement for life in the Texas Department of Criminal Justice, Institutional Division. No appeal was taken from this conviction. The conviction was affirmed. *Patterson v. State*, No. 2–93–214–CR (Tex.App.—Fort Worth Oct. 26, 1994, pet. ref'd).

We remanded applicant's writ application for the trial court to determine whether applicant's trial counsel was ineffective in failing to object to a prior conviction contained in the enhancement paragraphs which was void due to a fundamental defect. The trial court has entered findings of fact and conclusions of law in which it finds counsel's affidavit shows he was not ineffective. We do not believe, however, that those factual findings are supported by the record. Although counsel's affidavit indicates he did not investigate the validity of the prior convictions alleged in the enhancement paragraphs because applicant instructed him "not to concern [him]self with punishment issues or evidence," there is insufficient evidence to determine whether trial counsel adequately advised applicant on this matter. Trial counsel's affidavit simply states he properly advised applicant because it is his "routine practice to discuss with his clients the ramifications prior convictions have on the range of punishment and the potential benefit of having the trial court set them aside."

Because applicant has alleged facts that, if true, might entitle him to relief, we remand this matter to the trial court for resolution of the factual issues presented in accordance with Article 11.07, § 3(d) of the Code of Criminal Procedure. The trial court should hold a hearing to determine what trial counsel told applicant concerning: potential challenges, if any, trial counsel believed applicant could make against the prior convictions after having reviewed them; the likelihood of the trial court setting them aside on those grounds; applicant's ability to appeal the trial court's refusal to set the prior convictions aside; and the consequences of applicant's failure to make these challenges at trial. If the trial court determines trial counsel did advise applicant of the matters it should also determine why applicant chose not to pursue these potential challenges.

Before holding the hearing, the trial court should first decide whether applicant is indigent. If the trial court finds that applicant is indigent, and applicant desires representation by counsel, the trial court will then, pursuant to the provisions of Article 26.04, V.A.C.C.P., appoint an attorney to represent him at the hearing. Following receipt of this information the trial court should make findings of fact as to trial counsel's effectiveness. The trial court should also make any further findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of applicant's application for habeas corpus relief.

Since this Court does not hear evidence, *Ex parte Rodriguez*, 169 Tex.Crim. 367, 334 S.W.2d 294 (1960), we will hold this application in abeyance pending the trial court's compliance with this opinion. Resolution of the issues shall be completed by the trial court within 90 days of the

date of this opinion.[1] A supplemental transcript and the trial court's supplemental findings of fact and conclusions of law shall be returned to this Court within 120 days of the date of this opinion.[2]

1. If a continuance is granted, copies of the order shall be filed with this Court.

2. Any extensions must be granted by this Court.