IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,051-02






EX PARTE ROBERT WAYNE CRUZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. D080048BR IN THE 260TH DISTRICT COURT


FROM ORANGE COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault and sentenced to twenty years' imprisonment. The Fourteenth Court of Appeals affirmed his
conviction. Cruz v. State, No. 14-10-00686-CR (Tex. App. - Houston [14th Dist.] May 24, 2011,
pet ref'd).

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
she failed to properly investigate or retain an expert to offer an alternate explanation for the injury
to the complainant's anus. Applicant also alleges that counsel failed to discover that the SANE
report indicated that the complainant had sexual contact with another man two days prior to the
assault. Applicant alleges that this would have supported the defensive theory that Applicant
assaulted (but did not sexually assault) the complainant out of jealousy. Applicant also alleges that
there were vaginal swabs, a vaginal smear, anal swabs and an anal smear collected during the sexual
assault forensic examination of the complainant, but that none of this evidence was presented at trial. 
It is not clear whether Applicant is alleging that the State withheld this evidence from the defense,
or that the defense merely failed to review and present the evidence. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with a copy of the trial record,
including a transcript of the proceedings, copies of any motions or pleadings filed prior to trial,
copies of the documentary evidence introduced at trial, and the medical reports to which Applicant
refers. The trial court shall then make findings of fact and conclusions of law as to whether the
performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: June 27, 2012

Do not publish