IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NOS. WR-78,395-01, WR-78,395-02, AND WR-78,395-03






EX PARTE SCOTT ASH JAMES ZIRUS, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. B09-490, B09-552, AND B09-553


IN THE 198TH DISTRICT COURT FROM KERR COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex.Crim.App. 1967). Applicant was convicted of indecency
with a child by contact, two counts of aggravated sexual assault of a child, and continuous sexual
abuse of a child. He was sentenced under plea agreements to twenty years in prison for the indecency
offense and forty years in prison for each of the remaining offenses. There were no direct appeals.

 Applicant alleges his guilty pleas were not voluntary, his trial counsel was ineffective, his
guilty pleas were not supported by any evidence, and the proceedings lacked due process because
of pretrial publicity. 

 Regarding the involuntary plea and ineffective assistance claims, Applicant contends trial
counsel misled him to believe that a unanimous jury verdict was not required nor was there a
presumption of innocence for the charged sex offenses. He also complains trial counsel did not
investigate the cases, never discussed them or possible defenses with him, never contacted witnesses
Applicant told him about, and did not attempt to suppress statements Applicant made to police.
Rather, according to Applicant, trial counsel was only interested in obtaining a plea agreement for
the offenses, and he was biased against Applicant, telling Applicant that there could be no
substitution of counsel when Applicant inquired about appointment of a new attorney. Applicant
further alleges trial counsel told him that an expression of dissatisfaction with the plea agreement
or an attempt to withdraw the guilty plea at sentencing would be viewed by the judge as contempt
of court, and he states trial counsel would not assist in withdrawing the pleas.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). There is
no response from either trial counsel in the record provided to this Court, and there are no findings
from the trial court. In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. 

 The trial court shall order both trial counsel to respond to Applicant's claims of ineffective
assistance by explaining their representation of Applicant, including applicable strategy and tactical
decisions. To obtain the responses, the trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether
Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court
shall appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law regarding Applicant's
allegations of involuntary plea, ineffective assistance, no evidence, and lack of due process. The trial
court may also make any other findings of fact and conclusions of law it deems relevant and
appropriate to the disposition of Applicant's claims for habeas corpus relief.

 The applications will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court.

Filed: October 10, 2012

Do not publish