IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-79,071-01






EX PARTE OTIS RAY BROWN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 22635-HC-1 IN THE 6TH DISTRICT COURT


FROM LAMAR COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of
marijuana and unlawful possession of a firearm by a felon. He was sentenced to fifteen months in
the state jail for the marijuana charge and to fifteen years in TDCJ for the firearm charge. There was
no direct appeal.

 Applicant contends that his trial counsel rendered ineffective assistance. He complains that
counsel failed to investigate and learn that Applicant did not reside at the residence where the firearm
was found, that he was not in close proximity to the firearm, and that he did not know the firearm
was in the residence, and he says no evidence or witness could link him to the firearm. He alleges
that he would have been found not guilty of unlawfully possessing the firearm after trial had counsel
not been ineffective in allowing him to plead guilty under these facts. Applicant also alleges that the
firearm conviction was improperly enhanced. It does not appear there were any enhancement
paragraphs in the indictment, and there is no enhancement notice in the writ record provided to this
Court. The judgment indicates Applicant is a repeat offender, but it also indicates there were no pleas
to an enhancement allegation.

 Regarding these two claims, Applicant has alleged facts that, if true, might entitle him to
relief. Strickland v. Washington, 466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115
(Tex. Crim. App. 1999). His remaining claims lack merit. In these circumstances, additional facts
are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the
trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to
respond to Applicant's claim of ineffective assistance of counsel and his claim regarding the
enhancement. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, §
3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant, and it shall make findings and conclusions on the enchantment
claim. The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: March 6, 2013

Do not publish