IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-78,989-01




EX PARTE STEVEN MARK WEINSTEIN, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 1167730 IN THE 339TH DISTRICT COURT
FROM HARRIS COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to thirty years’ imprisonment. The Fourteenth Court of Appeals affirmed his conviction. 
Weinstein v. State, No. 14-08-01149-CR (Tex. App.—Houston [14th Dist.] 2010, pet. ref’d).
            Applicant contends, among other things, that the State used or relied on false testimony. 
After holding a live evidentiary hearing, the trial court made detailed findings of fact and conclusions
of law. The trial court made, however, no findings and conclusions on Applicant’s false testimony
claim.



            Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Chabot, 300
S.W.3d 768 (Tex. Crim. App. 2009); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App.
1999). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.
            Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
another evidentiary hearing, it shall determine whether Applicant is indigent. If Applicant is indigent
and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at
the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make further findings and conclusions as to whether Nathan Adams’s
testimony was false and, if so, whether Applicant has shown that there is a reasonable likelihood that
Adams’s testimony affected the judgment of the jury and that the error more likely than not
contributed to Applicant’s conviction or punishment. 
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.

Filed: June 5, 2013
Do not publish