IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-42,794-05






EX PARTE GILMORE FRANKLIN COX, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR-29938-A IN THE 217TH DISTRICT COURT


FROM ANGELINA COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and possession of certain chemicals with the intent to manufacture a controlled
substance. He was sentenced to imprisonment for twenty and thirty-five years, respectively. The
Twelfth Court of Appeals affirmed his convictions. Cox v. State, No. 12-11-00297-CR (Tex.
App.--Tyler 2012, no pet.).

 Applicant contends, among other things, that trial counsel failed to investigate whether the
substances alleged in count two of the indictment, possession of certain chemicals with the intent
to manufacture a controlled substance, were designated by the Director of the Department of Public
Safety as immediate precursors. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claim. (1) The trial court may use any means set out
in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the substances alleged in count two
of the indictment were designated by the Director of the Department of Public Safety as immediate
precursors. Tex. Health & Safety Code § 481.002(22); 37 Tex. Admin. Code § 13.117. The trial
court shall also determine whether counsel's conduct was deficient and Applicant was prejudiced. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: November 6, 2013

Do not publish

1. In a sworn affidavit, counsel responded to Applicant's claims, but we do not believe his
response is sufficient.