IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,259-02






EX PARTE LAREY DOUGLAS BROWN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 30229-A IN THE 3RD DISTRICT COURT


FROM ANDERSON COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three counts of
aggravated sexual assault, one count of aggravated kidnapping, and one count of unlawful possession
of a firearm by a felon. He was sentenced to imprisonment for four terms of thirty-seven years and
one term of ten years. The Twelfth Court of Appeals affirmed his convictions. Brown v. State, No.
12-11-00027-CR (Tex. App.--Tyler 2011, no pet.).

 Applicant contends, among other things, that trial counsel failed to: (1) request a competency
evaluation; (2) file a motion to recuse the trial judge; (3) learn that a witness testified in exchange
for a plea deal from the State; (4) strike a female prospective juror who was biased; (5) present
evidence that Applicant's DNA profile was not consistent with the sperm fraction of the vaginal
swab from the complainant; and (6) object when a sexual assault nurse examiner vouched for the
credibility of the complainant. Applicant also contends that the State presented pictures of injuries
to the complainant that predated the offenses. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Fierro, 934 S.W.2d 370, 374 (Tex. Crim. App. 1996); Ex parte
Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts
are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the
trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to
respond to the above ineffective assistance of counsel claims. The trial court may use any means set
out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether trial counsel's
conduct was deficient and, if so, whether his deficient performance prejudiced Applicant. The trial
court shall also make findings and conclusions as to whether the State introduced pictures of injuries
to the complainant and whether these pictures were false or predated the offenses. The trial court
shall make any other findings of fact and conclusions of law that it deems relevant and appropriate
to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. The reporter's record of
Applicant's trial shall also be forwarded with the supplemental record. Any extensions of time shall
be obtained from this Court.


Filed: November 20, 2013

Do not publish