IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-74,684-04




EX PARTE JEFFREY SCOTT FIELDS, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 9034186 IN THE 390TH DISTRICT COURT
FROM TRAVIS COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three counts of
burglary of a habitation. He was sentenced to a term of life imprisonment on count one and to ninety-nine years’ imprisonment in counts two and three. The Third Court of Appeals affirmed his
convictions. Fields v. State, No. 03-04-00422-CR (Tex. App.—Austin Jul. 14, 2005) (unpublished). 
            Applicant’s writ application raises many grounds for relief, including claims of prosecutorial
misconduct and ineffective assistance of counsel. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant’s claim of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant’s trial counsel was deficient and, if so, whether counsel’s deficient
performance prejudiced Applicant. The trial court shall make specific findings of fact addressing
Applicant’s claim that counsel was ineffective for not objecting to the shackling of Applicant, and
for not preventing the jury panel from seeing Applicant’s restraints. The trial court shall also make
specific findings addressing Applicant’s claim that counsel was ineffective for not pursuing DNA
testing in an extraneous offense No. 3030178 to rebut the state’s theory of a sexual assault. The trial
court shall also make specific findings as to Applicant’s claims that counsel was ineffective for
opening the door to 404(b) evidence at trial and as to whether counsel was ineffective for not
marshaling and presenting mitigation evidence concerning Applicant’s mental health. The trial court
shall also make specific findings addressing Applicant’s claim that the state committed prosecutorial
misconduct in presenting false evidence of a sexual assault extraneous offense that was be
abandoned after the trial due to DNA testing. The trial court shall also make any other findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s
claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.
 
Filed:  November 27, 2013
Do not publish