IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,460-02






EX PARTE CHESTER LEE MINOR, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 00873-D IN THE 350TH DISTRICT COURT


FROM TAYLOR COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of escape and
sentenced to twelve years' imprisonment. He did not appeal his conviction.

 Applicant contends, among other things, (1) that his trial counsel rendered ineffective assistance
because counsel allowed this charge to be tried with a burglary of a motor vehicle charge, which
arose from the same criminal episode as this offense, but did not object when the trial court
cumulated the sentences in the two cases. The record reflects that Applicant committed the escape
when he was being arrested for the burglary of a motor vehicle, which had apparently occurred a few
hours earlier on the same date. There is nothing in the record to show how or why the two offenses
could be considered anything but part of the same criminal episode. Under Section 3.03 of the Texas
Penal Code, when a defendant is found guilty of more than one offense arising out of the same
criminal episode and prosecuted in a single action, the sentences shall run concurrently (with some
exceptions that do not apply to the offenses in this case).

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. Trial
counsel shall explain why she allowed the two charges to be consolidated for trial, but did not object
to the cumulation of the sentences. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: December 18, 2013

Do not publish

 
1. This Court has reviewed Applicant's other claims, and finds them to be without merit.