IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-80,285-01








EX PARTE FRANCISCO CASTANEDA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 20070D05611-168-1 IN THE 168TH DISTRICT COURT


FROM EL PASO COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder
and sentenced to imprisonment for life. The Eighth Court of Appeals affirmed his conviction. 
Castaneda v. State, No. 08-10-00050-CR (Tex. App.--El Paso 2011, pet. ref'd).

 Applicant contends, among other things, that trial counsel rendered ineffective assistance
because he would not allow Applicant to testify at trial. Applicant has alleged facts that, if true,
might entitle him to relief. Strickland v. Washington, 466 U.S. 668 (1984); Ex parte Patterson, 993
S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As
we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the
appropriate forum for findings of fact. The trial court shall order trial counsel to respond to
Applicant's claim. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07,
§ 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to
be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. 
Tex. Code Crim. Proc. art. 26.04. 

 After reviewing counsel's response, the trial court shall make findings of fact and conclusions
of law as to whether counsel's conduct was deficient and, if so, Applicant was prejudiced. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: March 12, 2014

Do not publish