

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-82,115-01 & -02

### EX PARTE ALLEN CHASE WATSON, Applicant

### ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
### CAUSE NOS. W-64359-01-C & W-64360-01-C IN THE 251ST DISTRICT COURT
### FROM POTTER COUNTY

*Per curiam*.

#### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of possession with intent to deliver a controlled substance and sentenced to fifteen years' imprisonment on each count. He did not appeal his convictions.

Applicant contends that trial counsel rendered ineffective assistance and that the prosecutor said he would bring federal charges if Applicant refused the State's plea offers.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*,

466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's ineffective assistance of counsel claims. The trial court shall also order the prosecutor to respond to Applicant's claim that the prosecutor said he would bring federal charges. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel was deficient and Applicant was prejudiced. *Hill v. Lockhart*, 474 U.S. 52 (1985). The trial court shall also determine whether the prosecutor said he would bring federal charges if Applicant refused the State's plea offers. Finally, the trial court shall order the District Clerk to forward copies of the reporter's record of the plea hearings, if it exists, to this Court. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: October 22, 2014
Do not publish