81,650-01

Feb. *17*, 2015

Joel Garza #1837353
Terrell Unit
1300 FM 655
Rosharon, TX   77583

COURT OF CRIMINAL APPEALS
Clerk - Abel Accosta
201 W. 14th St., Room 106
P. O. Box 12308
Austin, TX   78711-2308

MOTION DENIED
DATE: *8-23-15*
BY: *R-C.*

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 20 2015

Abel Acosta, Clerk

Re: Case No.:   WR-81,650-01,   Ex Parte Joel Garza
    Tri. Ct. Cause No.: C-2-010204 - 1256110-A
    Article 11.07 Application for Writ of Habeas Corpus

Dear Clerk:

Enclosed please find Applicant's "Objection to Trial Court's Findings", Applicant's Motion to Stay and Abate Article 11.07 Habeas Corpus Writ Application. Applicant is an indigent, pro se litigant without access to a computer, xerox copier or E-mail. Please file this motion with the papers in this case and bring to the attention of the court.

Thank you for your assistance and please provide notice of filing.

Respectfully submitted,

*Joel Garza*

Cc:
    TARRANT COUNTY DISTRICT ATTORNEY

NO. WR-81,650-01

IN THE
COURT OF CRIMINAL
APPEALS
OF TEXAS

JOEL GARZA
Petitioner

V.

THE STATE OF TEXAS

Motion in Cause No. C-2-010204 - 1256110-A,
From the Criminal District Court Number Two
Tarrant County, Texas

OBJECTION TO TRIAL COURT'S FINDINGS

APPLICANT'S MOTION TO STAY AND ABATE
ARTICLE 11.07 HABEAS CORPUS WRIT APPLICATION

TO THE HONORABLE JUDGES OF COURT OF CRIMINAL APPEALS:

COMES NOW, Joel Garza, an incarcerated pro se Applicant with his Objection to Trial Court's Findings, and Motion to Stay and Abate Article 11.07 Habeas Corpus Writ Application, alleging trial court's findings are insufficient and not supported by the record.

Background

1. On or about Mar., 2014, Applicant submitted Art. 11.07 Habeas Corpus Writ Application to Tarrant County District Court Number Two, in Cause No. C-2-010209 - 1256110-A;

2. On or about April, 2014, Applicant submitted a subsequent Art. 11.07 Habeas Corpus Writ Application to same district court, Cause No. C-2-010236 - 1256110-B;

1.

3. On or about June 04, 2014, the Tarrant County District Attorney filed an "ANSWER" to Art. 11.07 Habeas Corpus Writ Application in Cause Nos. C-2-010209 - 1256110-A; and C-2-010236 - 1256110-B; (see State's Answer), and included copies of the following instruments:

(a). defendant's trial motion to appoint investigator, and Order appointing investigator - Bearden Investigative Agency, Inc.;

(b). defendant's trial request for appointment of expert witness and Order appointing expert witness - complete Accident Reconstruction Service;

(c). defendant's first amended request for appointment of expert witness and Order for appointment of expert witness - Dr. Gary Wimbish;

4. The State's "ANSWER" (#3 above) failed to provide the "REPORTS" of investigator and expert witnesses. (see State's Answer);

5. The trial court denied the original and subsequent habeas corpus writ applications and forwarded applications to the Court of Criminal Appeals, where:

(a). the C.C.A. assigned case number #WR-81,650-01, to trial court cause no. C-2-010209 - 1256110-A, (Pending ??);

(b). the C.C.A. assigned case number # WR-81,650-02, to trial court cause no. C-2-010236 - 1256110-B; and was denied without written order on 08-20-2014.

Objection

Applicant alleged facts that if true might entitle him to relief. Applicant objects to the trial court's findings of fact or conclusions of law in that those factual findings are not supported by the record, and resolution of fact issues is necessary for the Court of Criminal Appeals to render a decision on Applicant's claims.

The State's Answer/Response asserts there is no need for an evidentiary hearing and expansion of the record, and that Applicant's grounds can be re-

2.

solved based solely on the record before the court.

However, a review of the record submitted by the State on habeas corpus review affirmatively demonstrates the necessity to develope record in that relevant and material "Reports" from court ordered investigator and expert witnesses were ommited from said record.

## Authorities

In Ex Parte Patterson, 993 S.W.2d 114, 115 (Tex.Crim.App.1999), the court held, additional remand, to the trial court, was required for a hearing to determine whether counsel advised defendant about potential challenges to prior conviction and why defendant chose not to pursue them......... Because Applicant alleged facts that, if true, might entitled him to relief, we remanded this matter to the trial court for resolution of factual issues presented in accordance with Art. 11.07, Texas Code Criminal Procedure...... Since the Court of Criminal Appeals does not hear evidence (Ex Parte Rodriguez, 169 Tex. Crim.App. 367, 364 S.W.2d 294 (1960), the court held application in abeyance pending the trial court's compliance with this opinion. Ex Parte Patterson, 993 S.W.2d at 115.(supra).

In Jefferson v. Upton, 130 S.Ct. 2217 (2010, the Supreme court held that remand was required to determine whether State habeas court's factual findings warranted a presumption of correctness. The court believed it necessary for lower courts to determine on remand whether State courts factual findings warranted a presumption of correctness, and to conduct any further proceedings as may be appropriate in light of their resolution of that issue.

## Argument

Amongst other things, Applicant alleged counsel was ineffective in that counsel pressured Applicant into pleading guilty involuntarily by giving misleading, confusing information and withholding information from him.

Here, the State's Answer/Response to application for writ of habeas corpus contained trial records of: (a). defense motion for appointment of investigator, and Order granting such; (b). defense request for appointment of expert witness - (Complete Accident Reconstruction Service), and Order granting such; (c). defense request for appointment of expert witness - Dr. Gary Wimbish (forensic toxicologist), and Order granting such.

However, the State's Answer/Response did not include copies of the "REPORTS" from said investigator of expert witnesses. The State appears to have based their proposed findings of fact and conclusions of law on the opinions of these court ordered experts. The relevance of these motions/requests and Orders is obvious in that the State introduced said records to support trail courts habeas findings and conclusions. The State's response has further alluded to defense counsel's review of (case) file and experts opinions. (see State's Proposed Findings #13-20; and Conclusions of Law #16-26).

In light of Applicant's factual allegations, the State's Response and Proposed Findings of Fact and Conclusions of Law, and the habeas record submitted by the State, Applicant argues in good faith, that the record does not support the findings and conclusions made by the trial court.

As in Jefferson v. Upton, 130 S.Ct. 2217 (2010), in this instance the State trial court's findings were drafted exclusively by the Attorney for the State. The trial court appears to have relied upon the State's Response to Application forWrit of Habeas Corpus, to support the court's findings. Considering the ommission of several key reports, court ordered, it would appear that the presumption of correctness applied to State court findings, is in question and that this court should not give deference to these trial court findings until an evidentiary hearing can be ordered and held, for resolution of all the issues and grounds in application for writ of habeas corpus.

4.

Here, Applicant alleged facts which, if true, might entitle him to relief. These factual issues were presented in accordance with Article 11.07. Applicant offered evidence, to rebut trial court findings, that indicated vehicle defects that may have contributed to the accident in this case. Applicant's allegations were based, in part, upon the "Texas Peace Officers Crash Report"(Form CR-3, 1-1-2010). This Report was investigated and prepared by investigator "LY SORRELS" of the Fort Worth Police Department, Case No. 11-025820, dated 03-16-2011. Applicant would argue, he is entitled to an evidentiary hearing because the State did not provide full and fair hearing at which to develope facts. see Hall v. Quarterman, 534 F.3d 365, 367-369 (5th Cir.2008)-(where court held petitioner was entitled to evidentiary hearing because the State did not provide a full and fair hearing at which to develope facts.)

Prayer

For the reason alleged herein, Applicant was denied a fair review of his factual issues on post-conviction habeas corpus review. Therefore, Applicant prays this Court grant this Motion, stay and abate proceedings in this case, and remand to the trial court for an evidentiary hearing.

Respectfully submitted,

Joel Garza   #1837353
Terrell Unit
1300 FM 655
Rosharon, TX   77583

2-17-15

## Certificate of Service

I, Joel Garza, hereby certify and declare that a true and correct copy of the foregoing Objection to Trial Court's Findings, Applicant's Motion to Stay and Abate Article 11.07 Habeas Corpus Writ Application, by depositing such in U.S. Postal container, properly addressed to the Tarrant County District Attorneys Office — Mr. Joe Shannon, Tim Curry Criminal Justice Center, 401 W. Belknap St., Fort Worth, Texas 76196-0201, on this the 17 day of Feb. 2015.

*Joel Garza*
2-17-15

## Unsworn Declaration

I, Joel Garza, TDCJ-ID No. 1837353, currently incarcerated in the Terrell Unit, TDCJ-ID, in Brazoria County, Texas do hereby declare under penalty of perjury that the foregoing instrument it true and correct to the best of my beliefs.

So Sworn on this the 17 of Feb. 2015.

*Joel Garza*
2-17-15