

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-48,100-03 & WR-48,100-04

## EX PARTE REGINALD WAYNE GOUDEAU, Applicant

## ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
## CAUSE NOS. 1022577-A & 1030103-A IN THE 262ND DISTRICT COURT FROM HARRIS COUNTY

*Per curiam.*

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while intoxicated and possession of cocaine and sentenced to ten and fifteen years' imprisonment, respectively. The Fourteenth Court of Appeals affirmed his convictions. *Goudeau v. State*, Nos. 14-05-00946-CR, 14-05-00947-CR (Tex. App.—Houston [14th Dist.] Nov. 9, 2006) (not designated for publication).

Applicant contends, among other things, that his trial counsel rendered ineffective assistance,

and that counsel's alleged ineffectiveness rendered his guilty pleas involuntary. In response to Applicant's claims of ineffective assistance, the trial court signed detailed orders designating issues, ordering a response from counsel. The orders were signed in July 2007. In December 2014, the trial court signed findings of fact and conclusions of law recommending that the writ applications be dismissed after finding that Applicant is on parole and concluding he is no longer confined on these charges. However, an applicant who has been released on parole after serving a part of his sentence remains "in custody" for purposes of habeas corpus applications. *Ex parte Elliott*, 746 S.W.2d 762, 763 n.1 (Tex. Crim. App. 1988); TEX. CODE CRIM. PROC. art. 11.22.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law resolving the issues set out in its orders designating issues as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. Given the already lengthy delay in these cases, the issues shall be resolved within 30 days of this order. Supplemental transcripts containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 60 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed:  March 18, 2015
Do not publish