

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-83,035-01; WR-83,035-02; WR-83,035-03

### EX PARTE ROBERT LYNN MCCARVER, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. CR01215-HC-1; CR01228-HC-1; CR01229-HC-1
### IN THE 6TH DISTRICT COURT FROM RED RIVER COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of deadly conduct and one count of child endangerment. After a period of deferred adjudication, he was sentenced to ten years' imprisonment for the deadly conduct charges and two years' imprisonment in state jail for the child endangerment charge. The Sixth Court of Appeals affirmed his convictions. *McCarver v. State*, Nos. 06-13-000030-CR; 06-13-000031-CR; 06-13-000032-CR (Tex. App.—Texarkana Aug. 8, 2013).

Applicant contends that his two deadly conduct convictions violate double jeopardy because the indictments are identical and they arise from the same conduct. Applicant also contends that his trial counsel rendered ineffective assistance by failing to challenge the convictions on double jeopardy grounds, by failing to investigate the facts and law of the case, and by coercing him into pleading guilty by not urging a speedy trial for these charges.

Applicant has alleged facts that, if true, might entitle to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings regarding Applicant's claim of a double jeopardy violation. The trial court shall also make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: April 15, 2015
Do not publish