

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-83,364-01

### EX PARTE DENEAL MARK SHAWN BOBO, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 54266-A IN THE 78TH DISTRICT COURT
### FROM WICHITA COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession of a controlled substance and was sentenced to twenty-four months' state jail imprisonment. He did not appeal his conviction.

Applicant contends that he was denied due process, that his plea was not knowingly and voluntarily entered, that the trial court abused its discretion by entering the plea without Applicant's consent, and that his trial counsel rendered ineffective assistance.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. Trial counsel shall state whether he performed an independent investigation of the facts, advised Applicant of his options with respect to trial or a plea, and advised Applicant of the nature and consequences of the plea. Trial counsel shall state whether Applicant asked him to withdraw from the representation at any time before the entry of the plea. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall first supplement the habeas record with copies of the plea documents, including any written plea agreement, written admonishments, waivers and stipulations. The trial court shall also supplement the habeas record with transcripts of the plea and sentencing hearings. The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make findings as to whether Applicant expressed a desire to dismiss trial counsel, and if so, whether the trial court addressed Applicant's concerns. The trial court shall make findings of fact as to whether Applicant knowingly and voluntarily entered into the plea agreement. The trial court shall also make any other findings of fact and conclusions of law that it

deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: June 17, 2015
Do not publish