

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-84,715-01, -02 and -03

### EX PARTE ANTHONY LYNN THIBODEAUX, Applicant

### ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
### CAUSE NOS. 12-154-CR-A, 12-155-CR-A, and 12-156-CR-A IN THE 87th DISTRICT COURT
### FROM FREESTONE COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault and twice for indecency with a child. He was sentenced to ten years' imprisonment for the sexual assault conviction and four years' imprisonment for each indecency with a child conviction. The Tenth Court of Appeals affirmed his convictions. *Thibodeaux v. State*, Nos. 10-13-00466-CR, 10-13-00467-CR, and 10-14-00005-CR (Tex. App.—Waco July 30, 2015 (not designated for publication).

Applicant contends, *inter alia*, that his trial counsel rendered ineffective assistance because he failed to investigate Applicant's phone records for exculpatory evidence and he failed to interview and subpoena witnesses Jimmy Campbell, Larry Upshaw and Mattie King. Applicant also contends that he is actually innocent based upon a subsequent admission by the complainant at his co-defendant's trial that she committed perjury when she testified at Applicant's trial.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

As it pertains to Applicant's claim of actual innocence, we order the trial court consider these three issues when making its findings of fact and conclusions of law:

A. Whether Applicant's allegation that the complainant later admitted in his co-defendant's trial that she committed perjury is true;

B. If true, whether the complainant committed perjury at Applicant's trial; and

C. If the complainant did commit perjury, in light of all the evidence presented at Applicant's trial, does this new evidence unquestionably establish Applicant's innocence, so that no reasonable juror could have found him guilty in light of the new evidence.[1]

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an

---

[1] *See Ex parte Tuley*, 109 S.W.3d 388 (Tex. Crim. App. 2002).

attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make findings of fact and conclusions of law as to whether Applicant is actually innocent of this offense. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.


Filed: April 6, 2016
Do not publish