

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-84,766-01

**EX PARTE GILBERT SANCHEZ, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 20100D02745-120-1 IN THE 120TH DISTRICT COURT
### FROM EL PASO COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault and sentenced to sixty-five years' imprisonment. The Eighth Court of Appeals affirmed his conviction. *Sanchez v. State*, No. 08-11-00137-CR (Tex. App.—El Paso Jun. 20, 2014) (not designated for publication).

In four grounds, Applicant contends his trial counsel rendered ineffective assistance. The State filed a proposed order designating issues, but it was not signed by the trial court and no findings of fact and conclusions of law were made.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Rock v. Arkansas*, 483 U.S. 44, 50-53 (1987)*; Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). The writ record contains an affidavit from trial counsel. However, in these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. If necessary, the trial court shall order trial counsel to provide a supplemental response to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law addressing Applicant's claims that counsel was ineffective. The court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or

deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order.  Any extensions of time shall be obtained from this Court.

Filed: May 25, 2016
Do not publish