

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-87,495-01

### EX PARTE TYLER ALLEN PROCTOR, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 14CR1850-83-1 IN THE 405TH DISTRICT COURT
### FROM GALVESTON COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance with intent to deliver and sentenced to sixty years' imprisonment. The Fourteenth Court of Appeals affirmed his conviction. *Proctor v. State*, No. 14-15-00592-CR (Tex. App.—Houston [14th Dist.] Aug. 25, 2016)(not designated for publication).

Applicant contends that his trial counsel rendered ineffective assistance because counsel (1) improperly objected to the admission of law enforcement's videotaped search of the scene, thereby excluding exculpatory evidence from jurors; (2) refused to communicate with Applicant's

family who was trying to contact counsel concerning the confession of Applicant's co-defendant; (3) refused to call William Bernard Gilmore, Jr., who would have testified that the drugs belonged to him and Applicant was not aware that the drugs were in the apartment; (4) failed to object to the prosecutor's statement that "we would not be here at trial if somebody had owned up to having the drugs," when in fact, a co-defendant had confessed to having the drugs a week before Applicant's trial; and, (5) failed to request an accomplice witness instruction in accordance with section 38.14 of the Texas Code of Criminal Procedure.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. Trial counsel has filed an affidavit. However, the affidavit received by this Court does not address Applicant's specific allegations. Therefore, the trial court shall order trial counsel to respond to Applicant's specific claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for

habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: October 25, 2017
Do not publish