IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-80,859-01






EX PARTE ROCKY BENAVIDES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 3201-A IN THE 32ND DISTRICT COURT


FROM FISHER COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to intoxication
manslaughter, and originally received eight years of community supervision. His community
supervision was later revoked, and he was sentenced to four years' imprisonment. He did not appeal
his conviction.

 Applicant contends, among other things, that his revocation counsel rendered ineffective
assistance because counsel did not challenge the allegations in the motion to revoke, did not present
available defenses to those allegations, and did not appeal from the revocation. The record indicates
that Applicant pleaded "true" to numerous violations of the terms of his community supervision, but
does not show whether his plea of "true" was entered in exchange for an agreed punishment
recommendation. Furthermore, the record does not show why Applicant was still on community
supervision more than eight years after the date the community supervision was originally imposed.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order revocatoin counsel to respond to Applicant's claims of ineffective assistance of counsel. 
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with copies of any prior motions to
revoke, extensions or modifications of the terms of Applicant's community supervision. In addition,
the trial court shall supplement the habeas record with any relevant documents, including plea
agreements or transcripts of the revocation hearing. The trial court shall make findings of fact and
conclusions of law as to whether the performance of Applicant's revocation counsel was deficient
and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also
make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: March 12, 2014

Do not publish