IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-81,101-01




EX PARTE MICHAEL LOUIS SANDERS, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. CR11-254A IN THE 235TH DISTRICT COURT
FROM COOKE COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated assault
and was sentenced to twenty years’ imprisonment. He did not appeal his conviction.
            Applicant contends, among other things,


 that his trial counsel rendered ineffective assistance
because counsel failed to consult or communicate with Applicant adequately prior to trial, failed to
investigate or interview potential witnesses, failed to request a pre-sentencing investigation, and
induced Applicant to plead guilty by telling him that he would “make his first parole.”
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant’s claim of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall first supplement the habeas record with copies of the plea documents in
this case, including any written plea agreement, written admonishments, waivers and stipulations,
and any evidence introduced to support the plea. The trial court shall then make findings of fact and
conclusions of law as to whether the performance of Applicant’s trial counsel was deficient and, if
so, whether counsel’s deficient performance prejudiced Applicant. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 
 
Filed: April 9, 2014
Do not publish