

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NOS. WR-81,866-01 & 81,866-02

### EX PARTE CARLOS JUNIOR BARGAS, Applicant

### ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS CAUSE NOS. 957550-A & 957551-A IN THE 262ND DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of aggravated sexual assault and sentenced to forty years' imprisonment on each count. His sentences were ordered to run consecutively. The First Court of Appeals dismissed his appeals. *Bargas v. State*, Nos. 14-07-00721-CR & 14-07-00722-CR (Tex. App.—Houston [14th Dist.] Sept. 13, 2007) (not designated for publication).

Applicant contends that his pleas were involuntary, trial counsel was ineffective, and there is no evidence. The trial court made findings of fact and conclusions of law and recommended that

we delete the cumulation portion of the judgments and deny Applicant's other claims. We believe that the record is not adequate to resolve Applicant's claims.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

Applicant appears to be represented by counsel. If he is not and the trial court elects to hold a second hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall set out the basis for its recommendation to delete the cumulation portion of the judgments and also determine whether Applicant breached the plea agreements by absconding. The trial court shall also order the District Clerk to forward a copy of the presentence investigation report to this Court. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall

be obtained from this Court.

Filed: December 17, 2014
Do not publish