

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NO. WR-83,398-01

**EX PARTE GABRIEL SILVA, Applicant**

ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 11-06-06274-CR(1) IN THE 284TH DISTRICT COURT
FROM MONTGOMERY COUNTY

*Per curiam*.

**O R D E R**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession with the intent to deliver a controlled substance and sentenced to fifty-five years' imprisonment. The Ninth Court of Appeals affirmed his conviction. *Silva v. State*, No. 09-12-00302-CR (Tex. App.—Beaumont June 11, 2014) (not designated for publication).

Applicant contends, among other things, that trial counsel failed to ask for a mistrial during the punishment stage after her objections to the prosecutor's arguments were sustained. The trial

court concluded that the prosecutor's arguments were not so prejudicial that a mistrial was required.

We believe that the record should be further developed. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim that she failed to ask for a mistrial. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

After reviewing counsel's response, the trial court shall determine whether counsel's conduct was deficient and Applicant was prejudiced. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: June 24, 2015
Do not publish