

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-64,074-03 & -04

### EX PARTE MOHAMMED SHAFIQUE, Applicant

### ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
### CAUSE NOS. 0934399-A & 0970661-A
### IN CRIMINAL DISTRICT COURT NO. FOUR
### FROM TARRANT COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of driving while intoxicated and sentenced to eight and ten years' imprisonment. The Second Court of Appeals dismissed his appeals. *Shafique v. State*, Nos. 02-05-00261-CR & 02-05-00262-CR (Tex. App.—Fort Worth Aug. 11, 2005).

On November 5, 2012, Applicant filed a *pro se* application challenging his conviction in cause number 0934399D only. He then hired counsel, and she filed an amended application

challenging the conviction in cause number 0934399D and an initial application challenging the conviction in 0970661R. In these applications, including the *pro se* one, Applicant contends, among other things, that his guilty plea in cause number 0934399D was involuntary, he was incompetent, counsel failed to investigate his cases, counsel failed to request a competency evaluation, and Applicant did not voluntarily waive his right to appeal in cause number 0970661R.

The trial court adopted the State's proposed findings of fact and conclusions of law and recommended that we dismiss these applications because Applicant's sentences had discharged and he had failed to properly raise collateral consequences. *See* TEX. CODE CRIM. PROC. art. 11.07, § 3(c).

We believe that the record is not adequate to resolve Applicant's claims. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may order trial counsel to respond a second time to Applicant's ineffective assistance of counsel claims. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

Applicant appears to be represented by counsel. If he is not and the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall first determine whether Applicant abandoned his claims in his *pro se* application in cause number 0934399D when he hired counsel and she filed an amended application.

Second, the trial court shall determine whether the amended application in cause number 0934399D was filed in Tarrant County. Although it was forwarded with the record, it was not file-stamped by the District Clerk. After determining which claims are properly before it, the trial court shall make findings of fact and conclusions of law in response to these claims. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: July 29, 2015
Do not publish