

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,610-01

## EX PARTE LEONARD WAFER, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 31,328-CR IN THE 13TH DISTRICT COURT FROM NAVARRO COUNTY

*Per curiam.*

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated kidnapping and sentenced to thirty years' imprisonment. The Tenth Court of Appeals affirmed his conviction. *Wafer v. State*, No. 10-07-00367-CR (Tex. App.—Waco Aug. 12, 2009) (not designated for publication).

Applicant contends that trial counsel rendered ineffective assistance because he failed to investigate or subpoena a motel clerk and to argue at punishment that Applicant voluntarily released the complainant in a safe place. TEX. PENAL CODE § 20.04(d).

The State responded in part by raising laches, and the trial court concluded, among other things, that the State was prejudiced by Applicant's delay in filing this application. Although we have broadened the definition of prejudice in laches determinations, we have not adopted a statute-of-limitations period or recognized a "precise period" that triggers the application of laches. *Ex parte Perez*, 398 S.W.3d 206, 216 n. 12 (Tex. Crim. App. 2013). As we wrote, "Though proof of mere passage of time will continue to be insufficient to raise laches, we will weigh all relevant equitable considerations in determining whether a long-delayed application for post-conviction relief should be barred by laches." *Id.* at 219.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to the above claims. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make further findings of fact and conclusions of law as to whether counsel's conduct was deficient and Applicant was prejudiced. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The

issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: September 23, 2015
Do not publish