

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NOS. WR-83,606-06, WR-83,606-07, WR-83,606-08, WR-83,606-09 & WR-83,606-10

**EX PARTE ROYCE WAYNE SEWELL, Applicant**

**ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. 1323375, 1323376, 1323377, 1323378 & 1323550
IN THE 8TH DISTRICT COURT
FROM HOPKINS COUNTY**

*Per curiam*.

**O R D E R**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the

clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex*

*parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967).  Applicant was convicted of burglary

of a habitation, attempt to take a weapon from an officer, possession of controlled substance in a

drug free zone, assault on a public servant, and evading arrest. He was sentenced to imprisonment

for twenty-five years, two years (state jail), two years, ten years, and two years, respectively.  The

Sixth Court of Appeals dismissed Applicant's appeals on his motion. *Sewell v. State*, Nos. 06-14-

00036-CR, 06-14-00037-CR, 06-14-00038-CR, 06-14-00039-CR & 06-14-00040-CR (Tex.

App.—Texarkana Apr. 24, 2014) (not designated for publication).

Applicant contends that his guilty pleas were rendered involuntary by trial counsel's ineffective assistance. He alleges that counsel assured him he would, in a worst case scenario, face a brief prison sentence. He also alleges that counsel rendered ineffective assistance at the punishment proceedings when he did not present mitigating evidence, conceded that Applicant's cases called for incarceration, and did not object to extraneous offense evidence that could have been excluded. The record contains no response from counsel and no findings from the trial court.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

It appears that Applicant is represented by counsel. If the trial court determines he is not represented by counsel and elects to hold a hearing, it shall then determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law addressing each of Applicant's allegations as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. Should the court find that counsel's advice to plead open caused Applicant's pleas to be involuntary, it shall make additional

specific findings as to whether this caused all five of Applicant's guilty pleas to be involuntary. Applicant to plead guilty to all five charges, or whether The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: October 7, 2015
Do not publish