

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-73,072-03

### EX PARTE ROGER DALE BRECHEEN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 23,302-A IN THE 42ND DISTRICT COURT
### FROM TAYLOR COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to forty-eight years' imprisonment. The Eleventh Court of Appeals affirmed his conviction. *Brecheen v. State*, 372 S.W.3d 706 (Tex. App.—Eastland 2012).

Applicant contends that his trial counsel rendered ineffective assistance because, among other things, he did not allow applicant to testify on his own behalf and did not investigate the primary defense witness before eliciting damaging testimony.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Rock v. Arkansas*, 483 U.S. 44, 50-53 (1987); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id.*

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make specific findings as to whether counsel prevented Applicant from testifying against Applicant's wishes. Should the trial court find that Applicant was wrongly prevented from testifying, it shall make specific findings addressing whether Applicant was harmed under *Strickland*. The trial court shall also make specific findings addressing Applicant's claim that counsel did not fully investigate the main defense witness before proffering her testimony and eliciting damaging testimony. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The

issues shall be resolved within 90 days of this order.  A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order.  Any extensions of time shall be obtained from this Court.

Filed: December 9, 2015
Do not publish