

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-84,646-01

**EX PARTE MARKUS LADANE STEPHENSON, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. WRIT08574 IN THE 196TH DISTRICT COURT
## FROM HUNT COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was charged with capital murder, but pleaded guilty to the lesser offense of murder in exchange for a sentence of sixty years' imprisonment. He did not appeal his conviction.

Applicant contends, among other things[1], that his trial counsel rendered ineffective assistance because trial counsel failed to adequately investigate, failed to file a motion to suppress Applicant's

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

custodial statement, failed to move for a recusal of the trial judge, advised Applicant that he had "no chance" at trial and that the plea in exchange for a sixty-year sentence was his best option, and failed to provide Applicant with copies of documents or transcripts upon request.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall first supplement the habeas record with copies of the plea documents, including any written admonishments, waivers and stipulations, plea agreement, and any evidence which was introduced in support of the plea. The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall

be forwarded to this Court within 120 days of the date of this order.  Any extensions of time shall

be obtained from this Court.


Filed:  March 9, 2016
Do not publish