

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-84,742-01

### EX PARTE GUSTAVO MEDINA-YANEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 14-10-14889A IN THE 506TH DISTRICT COURT
### FROM WALLER COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to driving while intoxicated and was sentenced to five years' imprisonment. He did not appeal his conviction.

In a single ground, Applicant contends that trial counsel led him to believe that his sentence would not be aggravated. He explains that a deadly weapon finding in the judgment is affecting his parole eligibility date. *See* TEX. GOV'T CODE § 508.145(d)(1).

On April 13, 2016, we remanded this application and directed the trial court to order counsel to respond. We also directed the trial court to determine whether counsel's conduct was deficient

and Applicant was prejudiced. On remand, counsel filed a sworn affidavit, and the trial court made findings of fact and conclusions of law and recommended that we deny relief.

We believe that the record is not sufficient to resolve Applicant's claim. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to file a second response and explain whether she led Applicant to believe that his sentence would not be aggravated.[1] The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make further findings of fact and conclusions of law as to whether counsel's conduct was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient conduct. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The

---

[1] Because of the deadly weapon finding in the judgment, Applicant's sentence is "aggravated," and he will not be eligible for parole until he serves half of his sentence, without consideration of good conduct time. TEX. GOV'T CODE § 508.145(d)(1). An attorney's deficient advice on parole eligibility may render a defendant's guilty plea involuntary. *Ex parte Moussazadeh*, 361 S.W.3d 684 (Tex. Crim. App. 2012).

issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: October 5, 2016
Do not publish