

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-87,044-01

### EX PARTE ROGER EVAN GARRETT, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 20130D01613-168-1 IN THE 168TH DISTRICT COURT FROM EL PASO COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to forty years' imprisonment. The Eighth Court of Appeals affirmed his conviction. *Garrett v. State*, No. 08-13-00323-CR (Tex. App.—El Paso Nov. 4, 2015).

Applicant contends, among other things, that both his trial and appellate counsel rendered ineffective assistance. He alleges that trial counsel was ineffective for failing to adequately explain the plea offer of probation and failing to explain his full exposure for punishment, failing to challenge a disqualified juror, failing to interview and present witnesses, and admitting Applicant's

guilt, without his permission or consultation, in an attempt to obtain a sudden passion instruction. He alleges that appellate counsel was ineffective for failing to challenge a disqualified juror and failing to challenge the deadly weapon finding and the fine listed on his judgment.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order both trial and appellate counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make findings of fact regarding the performance of appellate counsel and whether that counsel was deficient and, if so, whether that performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or

deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: July 26, 2017
Do not publish