

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-72,100-02

### EX PARTE JAMIE L. STEWART, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 12103A IN THE 21ST DISTRICT COURT
### FROM WASHINGTON COUNTY

*Per curiam*.

**O R D E R**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of attempted capital murder and sentenced to fifty years' imprisonment. His conviction was affirmed by the Fourteenth Court of Appeals in *Stewart v. State*, No. 14-97-00568-CR (Tex. App.—Houston [14th Dist.] June 3, 1999)(not designated for publication).

Applicant alleges, among other things, that trial counsel rendered ineffective assistance because counsel failed to inform Applicant that he had been indicted with new charges, failed to visit Applicant or prepare Applicant for his second trial, failed to interview and call punishment

witnesses, failed to object to the prosecutor's improper questions that shifted the burden to the defense, and failed to object to the prosecutor's closing arguments as a violation of the right to confrontation.

Applicant has alleged facts that, if true, might entitle to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make findings as to whether Applicant's claims are barred by the equitable doctrine of laches.[1] The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The

---

[1] Before making this determination, the trial court shall give Applicant the opportunity to respond and explain his delay. *See Ex parte Smith*, 444 S.W.3d 661, 670 (Tex. Crim. App. 2014) ("An applicant must be afforded this opportunity—irrespective of whether the State alleges the delay disadvantages its own position—before a court recommends or concludes that laches compels the application's denial").

issues shall be resolved within 90 days of this order.  A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order.  Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: June 13, 2018
Do not publish