

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NO. WR-88,321-01

**EX PARTE PATRICK EDWARD BROWN, Applicant**

**ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. W16-24265-N(A) IN THE 195TH DISTRICT COURT
FROM DALLAS COUNTY**

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to evading arrest or detention with a motor vehicle, and was sentenced to five years' imprisonment. He did not appeal his conviction.

On May 2, 2018, this Court remanded this matter to the trial court to obtain affidavits and findings addressing Applicant's claims of ineffective assistance of trial counsel and involuntary plea. This Court's remand order also required the trial court to supplement the habeas record with copies of all motions filed by the parties prior to trial. If a motion to have Applicant evaluated for

competency and sanity was filed and granted, the trial court was ordered to supplement the record with copies of any reports from any such evaluations that were actually performed.

On July 2, 2018, this Court received the supplemental record after remand. That record included an affidavit from one of Applicant's trial attorneys. The trial court's findings of fact after remand made reference to an "appended" affidavit from Applicant's second trial attorney, but no such affidavit was included in the supplemental record. Nor did the supplemental record contain copies of any of the motions, orders and reports specified in this Court's first remand order.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

The trial court shall supplement the habeas record with a copy of the affidavit from attorney Ben Massar. In addition, the trial court shall supplement the record with copies of all motions filed by the parties prior to trial. If a motion to have Applicant evaluated for competency and sanity was filed and granted, the trial court shall supplement the record with copies of any reports from any such evaluations that were actually performed.

This application will be held in abeyance until the trial court has resolved the fact issues and supplemented the record with the missing documents. A supplemental transcript shall be forwarded to this Court within 60 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: December 5, 2018
Do not publish