

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-89,683-01

### EX PARTE ARTHUR ALAN MONTROSS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1435999-A IN THE 232ND DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of continuous sexual abuse of a child and sentenced to thirty-five years' imprisonment. The Fourteenth Court of Appeals affirmed his conviction. *Montross v. State*, No. 14-17-00531-CR (Tex. App. — Houston [14th Dist.] Aug. 23, 2018) (not designated for publication).

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

because trial counsel failed to call Applicant's treating physician to testify that Applicant could not get an erection as a result of his medical condition, failed to challenge testimony that "water" that the complainant saw coming from Applicant's penis was probably the result of an irrigation procedure that Applicant had undergone with evidence that Applicant did not undergo such a procedure until more than two years after the offenses, and failed to advise Applicant of the availability of a pre-sentencing investigation and report to establish that Applicant had no prior convictions.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. Specifically, trial counsel shall state whether Applicant told them that his treating physician, Dr. Ellen Fremion was available and willing to testify that Applicant could not get an erection, and if so, why trial counsel did not call Dr. Fremion. Trial counsel shall state whether Applicant advised them that he did not undergo the irrigation procedure until after the offenses, and if so, whether trial counsel sought to challenge the expert testimony regarding the "water" that the complainant saw coming from Applicant's penis. Trial counsel shall state whether they advised Applicant of his options as to whether to go to the trial court or the jury for punishment, and of the advantages and disadvantages of each option. Trial counsel shall state whether they presented evidence or argued that Applicant had not been previously convicted of any offense. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely

on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.


Filed: May 1, 2019
Do not publish