

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-86,258-05

### EX PARTE FRANCISCO GALLEGOS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 20160D03556-41-1 IN THE 41ST DISTRICT COURT
### FROM EL PASO COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was charged with indecency with a child, pleaded guilty to injury to a child pursuant to a plea agreement, and was sentenced to five years' imprisonment. He did not appeal his conviction.

Applicant contends that when he pleaded guilty to injury to a child, he believed that he was pleading guilty to a separate offense, not a lesser-included offense of indecency with a child, as set out in the judgment. He contends that the plea agreement was breached, his plea was involuntary, and trial counsel was ineffective.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel and the prosecutor to respond to Applicant's claims. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

After reviewing trial counsel's and the prosecutor's responses, the trial court shall make findings of fact and conclusions of law as to whether Applicant pleaded guilty to an authorized lesser-included offense of indecency with a child, his guilty plea was authorized, the plea agreement was breached, and trial counsel was ineffective. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: September 25, 2019
Do not publish